UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES CLEMONS** | **CIVIL ACTION NO. 3:15-cv-2672** |
| aka Charles Clemmons | |
| aka Charles Clements | **SECTION P** |
| LA. DOC #83450 | |
| **VS.** | **JUDGE** |
| | |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Charles Clemons, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on November 12, 2015. Petitioner is serving a sentence of life without benefit of parole imposed by the Third Judicial District Court, Lincoln Parish following his guilty plea to a charge of second degree murder. He attacks the sentence as violative of the Eighth Amendment's prohibition against cruel and unusual punishment. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was born on January 11, 1959. He was indicted by the Lincoln Parish Grand Jury on charges of First Degree Murder and Armed Robbery that were committed on August 26, 1976, at a point in time when he was a minor. [Doc. 1-2, p. 20] On November 19, 1976, petitioner entered into a plea agreement and pled guilty to Second Degree Murder; he was

sentenced to life without benefit of parole. [Doc. 1, ¶1-7]

The presumptively reliable published jurisprudence of the State of Louisiana indicates that he did not appeal his conviction and sentence. On some unspecified date he apparently filed an application for post-conviction relief arguing constitutional violations with regard to the manner in which the foreman of his Grand Jury was chosen, along with a claim of ineffective assistance of counsel with regard to counsel's failure to quash the indictment. [Doc. 1, ¶12] That application was apparently dismissed as untimely by the Louisiana Supreme Court on March 15, 2013. *State of Louisiana ex rel. Charles Clemons v. State of Louisiana*, 2012-2354 (La. 3/15/2013), 109 So.3d 380.[1]

On June 17, 2013, petitioner filed a *pro se* Motion to Correct an Illegal Sentence in the Third Judicial District Court. Citing the June 25, 2012, Supreme Court decision in *Miller v. Alabama,* — U.S. —, 132 S.Ct. 2455 (2012), petitioner argued that his sentence of life without parole for a crime committed while he was a minor was forbidden by the Eighth Amendment. [Doc. 1-2, Exhibit A, pp. 2-6] On September 22, 2014, the District Court denied relief relying on the Louisiana Supreme Court's 2013 decision in *State v. Tate*, 12-2763 (La. 11/5/2103), 130 So.2d 829 (La. 2013), *cert. denied*, *Tate v. Louisiana*, — U.S. —, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014) which held that *Miller* could not be applied retroactively to cases, like petitioner's, on collateral review. [Doc. 1-2, Exhibit B, p. 7]

---

[1] In denying relief the Supreme Court cited La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93–2330 (La.9/5/95), 660 So.2d 1189; *State v. Parker*, 98–0256 (La.5/8/98), 711 So.2d 694. Art. 930.8 sets forth the time limits for filing applications for post-conviction relief. *Glover* held that limitations may be raised *sua sponte* by a reviewing court even if the lower court reached the merits of the applicant's claim; *Parker* held that a motion to correct an illegal sentence that raises trial court error must be treated as an application for post-conviction relief and subject to the limitations period set forth in art. 930.8.

Petitioner timely sought writs in the Louisiana Supreme Court.[2] [Doc. 1-2, Exhibits C,D,E, and F, pp. 8-29] On August 28, 2015, the Louisiana Supreme Court, citing *Tate*, denied writs. *State of Louisiana ex rel. Charles Clemons v. State of Louisiana*, 2014-2206 (La. 8/28/2015), 175 So.3d 410. [Doc. 1-2, Exhibit G, p. 30] Petitioner applied for reconsideration [Doc. 1-2, Exhibit H, pp. 31-44] but on October 9, 2015, the Supreme Court denied reconsideration. *State of Louisiana ex rel. Charles Clemons v. State of Louisiana*, 2014-2206 (La. 10/9/2015), 2015 WL 6456517. [Doc. 1-2, Exhibit I, p. 45]

Petitioner signed the instant petition on November 9, 2015; it was electronically filed on November 12, 2015. (For the purposes of this report, it will be assumed that November 12, 2015, is the earliest date that the pleading may be considered filed.) As noted above, petitioner "... contends his sentence is unconstitutional due [to] the retroactivity of *Miller v. Alabama*..." [Doc. 1, Ground Two, p. 7] He frames the issue before the Court as follows, "Whether this Court should vacate Charles Clemons mandatory sentence of life without parole and remand his case to the trial court for a sentencing hearing pursuant to *Miller v. Alabama*..." [Doc. 1-1, p. 4]

### *Law and Analysis*

#### *1. Limitations*

Title 28 U.S.C. §2244(d)(1) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period runs from the latest of four possible dates,

---

[2] Since petitioner was convicted prior to 1982, the Louisiana Supreme Court retained exclusive supervisory jurisdiction over his writ application. See LSA-Const. Art. 5§5(e).

3

namely, "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A);[3] "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed..." §2244(d)(1)(B); "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." §2244(d)(1)(C); or "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." §2244(d)(1)(D).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not

---

[3] The petition mentions grounds presumably raised in a prior application for post-conviction relief – namely petitioner's claim concerning discrimination in the selection of the foreman of the Grand Jury, and his trial counsel's ineffective assistance for failing to file a motion to quash the indictment on those grounds. Petitioner, however, does not argue these claims in his memorandum and offers no exhibits relative to his litigation of these claims in the Courts of Louisiana. Since neither of these claims suggest state created impediments, newly recognized Constitutional rights, or the discovery of the factual predicate, it appears that these claims would be time-barred if limitations were reckoned as provided by §2244(d)(1)(A).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. Petitioner's conviction and sentence became final in 1976, before the enactment of the AEDPA. Naturally, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999). It does not appear that petitioner filed any pleadings to toll limitations during the grace period. Further, it appears that his subsequent collateral attack was dismissed as time-barred by the Louisiana Supreme Court. Collateral attacks which are dismissed as time-barred under State law are not considered properly filed and therefore cannot toll AEDPA's limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Thus, to the extent that petitioner intends to assert his grand jury and ineffective assistance claims, those claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

4

counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner maintains that limitations should be reckoned as provided in §2244(d)(1)(C) which provides that the 1-year period of limitation should run from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review..." He cites *Miller v. Alabama* as the case which recognized the right he asserts herein and argues that *Miller* is retroactively applicable to cases, such as his, which are on collateral review. The retroactivity of *Miller* has not yet been determined. Nevertheless, a review of the pleadings, exhibits, and published jurisprudence clearly establish that petitioner's claim is time-barred.

*Miller* was decided on June 25, 2012. Thus, since petitioner relies on the provisions of §2244(d)(1)(C), he had one year from that date, or until June 25, 2013, within which to file a timely *habeas corpus* petition. Petitioner was able to toll limitations for the period between June 17, 2013, the date he filed his Motion to Correct an Illegal Sentence [Doc. 1-2, Exhibit A] until October 9, 2015, the date the Louisiana Supreme Court denied his motion for reconsideration. [Doc. 1-2, Exhibit I] However, as previously noted, any lapse of time before the proper filing of

an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). A period of 357 days elapsed un-tolled between June 25, 2012 (the date of the *Miller* decision) and June 17, 2013 (the date that tolling commenced); thereafter 30 days elapsed between the date the Supreme Court denied reconsideration of petitioner's writ application (October 9, 2015), and the date he filed his federal petition (November 9, 2015). Thus, in all, a period in excess of 1-year elapsed un-tolled between the date of the *Miller* decision and the date petitioner filed his federal *habeas* petition and therefore the petition is time-barred.

## 2. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting

6

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

In the Memorandum Order of December 2, 2013, petitioner was directed to "submit argument and evidence to establish that he is entitled to statutory or equitable tolling of the period of limitations." [Doc. 5] However, nothing of record supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

  In Chambers, Monroe, Louisiana, December 28, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**